Elijah SMITH, Appellant

v.

UNITED STATES of America, Appellee.

No. 16028.

United States Court of Appeals District of Columbia Circuit.

Argued May 23, 1961.

Decided June 15, 1961.

---

3. S. E. C. v. Chenery Corp., 1943, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626; S. E. C. v. Chenery Corp., 1947, 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995.

Mr. Earl H. Davis, Washington, D. C. (appointed by this court), for appellant.

Mr. John R. Schmertz, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed, and Mr. Donald S. Smith, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, FAHY and BURGER, Circuit Judges.

## PER CURIAM.

Appellant's conviction on fourteen counts of an indictment under the Narcotics laws [1] was based solely on the testimony of a young undercover police officer who circulated among young people, as "one of them," in "beatnik" establishments. Counts 1 and 2, relating to the first transaction between the officer and appellant, involved two marihuana cigarettes for which the officer gave no money to appellant; Counts 3 and 4 involved marihuana for which the officer gave $5.00 to appellant and which was used by appellant and another; Counts 5 and 6 involved heroin for which the officer gave appellant $6.00 and $1.00 for taxicab fare; Counts 9, 10 and 11 involved heroin for which the officer gave appellant $6.00 and 50 cents for streetcar fare; Counts 12, 13 and 14 involved heroin for which the officer gave appellant $6.00; and Counts 7 and 8 involved marihuana for which the officer gave appellant $20.00 and which appellant and others were preparing to smoke when the arresting officers appeared.

The sole defense at trial was entrapment—that under the cloak of friendship the officer induced appellant to procure the marihuana and heroin for him. Appellant contends that upon the evidence of entrapment he was entitled to a directed verdict of acquittal. We think, however, that under governing case law the issue was properly submitted to the jury.[2] Nor do we find any basis for reversal in the other objections raised by appellant.

Affirmed.

1. 26 U.S.C. §§ 4704(a), 4705(a), 4742(a), 4744(a), and 21 U.S.C.A. § 174. Appellant was sentenced to imprisonment of five years on each of Counts 1, 3, 5, 7, 9, 11, 12 and 14, and to eight months to two years on each of the other counts. All the sentences were to run concurrently. Violations of 26 U.S.C. §§ 4705(a) and 4742(a) are punishable by a mandatory minimum sentence of five years. 26 U.S.C. § 7237(b). The same is true of violations of 21 U.S.C.A. § 174.

2. Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Trent v. United States, 1960, 109 U.S.App.D.C. 152, 284 F.2d 286, certiorari denied 1961, 365 U.S. 889, 81 S.Ct. 1035, 6 L.Ed.2d 199. Cf. Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848.